IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| LANCE T. DAVIS, | ) | 06V6486 |
| | ) | JUDGE GUZMAN |
| Plaintiff, | ) | MAGISTRATE JUDGE BROWN |
| vs. | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Railroad Corporation, | ) | Trial By Jury Demanded |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LANCE T. DAVIS, by and through his attorneys, HOEY & FARINA, and CRAIG W. CHURCH, for his Complaint against Defendant, UNION PACIFIC RAILROAD COMPANY, a railroad corporation ("UP"), and states as follows:

1. This action arises under, and the rights and liabilities of the parties to this cause are governed by the Federal Employers' Liability Act, 45 U.S.C. Section 51 et seq.

2. At all pertinent times, Defendant, UP, was and is a railroad corporation authorized to and doing business in the state of Illinois, with corporate offices in Chicago, Cook County, Illinois.

3. At all pertinent times, Defendant, UP, operated a railroad system as a common carrier of freight in and through the various states.

4. At all pertinent times Plaintiff was employed by Defendant as a conductor and worked in Defendant's service as a conductor.

5. At all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of Interstate Commerce and Transportation.

6. On December 3, 2003, Plaintiff, in the course of his duties as a conductor, was required to and did operate various switches for Defendant at or near Seegers Grain Elevator in Richfield, McHenry County, Illinois.

7. At said time and place as Plaintiff was attempting to operate said switch Plaintiff suffered an injury to his back.

8. It was the continuing duty of the Defendant, as employer, at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work.

9. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    (a). failed to adopt, install, implement and enforce a safe method and procedure for the operation of switches;

    (b). failed to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of switches;

    (c). failed to adopt, install, implement and enforce a safe method and procedure for maintenance and upkeep of switches;

    (d). failed to properly inspect, maintain, and clean the switches used by its employees so that the same became hazardous for safe operation by its employees;

    (e). failed to provide adequate and efficient equipment for the operation of switches;

    (f). failed to properly inspect, maintain and repair the switch described;

    (g). failed to properly train plaintiff on the operation of said switch;

    (h). failed to properly install said switch;

    (i). failed to provide sufficient personnel to operate said switch;

    (j). otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

10. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

11. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

12. Plaintiff demands trial by jury.

WHEREFORE, the Plaintiff, LANCE T. DAVIS, prays for judgment in his favor and against Defendant, UNION PACIFIC RAILROAD COMPANY, A RAILROAD CORPORA-TION, in a sum in excess of the jurisdictional minimum, plus the costs of this suit.

*[signature]*
Attorney for Plaintiff

Craig W. Church
Hoey & Farina
542 S. Dearborn
Suite 200
Chicago, IL 60605
(312) 939-1212

3